(No. 30881.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* HERSHEL WILLIAMS, JR., Plaintiff in Error.

*Opinion filed March 24, 1949—Rehearing denied May 11, 1949.*

HERSHEL WILLIAMS, JR., *pro se.*

GEORGE F. BARRETT, Attorney General, of Springfield, and WILLIAM T. HENDERSON, State's Attorney, of Danville, (JOHN W. UNGER, of Danville, of counsel,) for the People.

Mr. JUSTICE GUNN delivered the opinion of the court:

Plaintiff in error, Hershel Williams, Jr., and one Johnson, were jointly indicted by the grand jury of Vermilion County for the crime of robbery. The first count alleged

armed robbery, and the second count plain robbery. They were tried before a jury and found guilty on the second count, and sentenced by the court to imprisonment in the penitentiary, according to law.

Plaintiff in error brings his case to this court on the common-law record, asserting the indictment is fatally defective and will not support a conviction. No motion to quash, nor motion in arrest of judgment, was made to test its sufficiency in the trial court.

The second count charges that "Hershel Williams, Jr., * * * on September 6, 1946, in Vermilion County in and upon Daniel McAdams, feloniously and violently made an assault and $45.00 of the money and property of said Daniel McAdams feloniously, violently, forcibly and by intimidation did rob, steal, take and carry away." The contention is made that there is no allegation in the indictment that the money and property were taken "from the person" or "against the will" of the victim.

Robbery is the felonious and violent taking of money, goods or other valuable thing, from the person of another by force or intimidation. (Ill. Rev. Stat. 1947, chap. 38, par. 501.) The point that the indictment does not allege the taking "to be against the will" is settled by *People* v. *Carpenter*, 315 Ill. 87, where we said when the indictment charges that the plaintiff in error "feloniously, violently, forcibly and by intimidation," did rob and steal, no inference was left that the victim might have consented to the taking.

The further contention is made by plaintiff in error that the indictment failed to charge the property was taken "from the person," and consequently lacked one essential element. We observe the count charges "Williams, * * * in and upon Daniel McAdams, feloniously and violently made an assault * * *." What other meaning can possibly be applied to this language than that the assault was upon the person of McAdams? And then the count

250

proceeds to charge the taking of $45 from McAdams "by intimidation," etc. Plaintiff in error would have us believe that after the assault took place the inference is possible he obtained $45 from McAdams from some other place. Such an inference is not possible when the assault upon the victim and the taking of the money is alleged in the same sentence. The assault is clearly charged to be upon the person of McAdams, and resulted in the obtaining of $45. "An assault is an unlawful attempt, coupled with a present ability, to commit a violent injury on the person of another." Ill. Rev. Stat. 1947, chap. 38, par. 55.

The statute provides that every indictment shall be deemed technically correct which states the offense so plainly that the nature of the same may be apparent to, and understood by, the jury. (Ill. Rev. Stat. 1947, chap. 38, par. 716.) The indictment upon which plaintiff in error was convicted and sentenced was not fatally defective.

The judgment of the circuit court of Vermilion County is affirmed.

*Judgment affirmed.*