(No. 31085.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JAMES JOHNSON, Plaintiff in Error.

*Opinion filed September 22, 1949.*

JAMES JOHNSON, *pro se.*

IVAN A. ELLIOTT, Attorney General, of Springfield, and WILLIAM T. HENDERSON, State's Attorney, of Danville,

34

(JOHN W. UNGER, and FRANK J. MEYER, both of Danville, and HARRY L. PATE, of Tuscola, of counsel,) for the People.

Mr. JUSTICE FULTON delivered the opinion of the court:

Plaintiff in error, James Johnson, and one Herschel Williams, Jr., were jointly indicted by the grand jury of Vermilion County for the crime of robbery. The first count of the indictment charged armed robbery and the second count plain robbery. Both defendants were tried before a jury, found guilty on the second count and sentenced by the court to imprisonment in the penitentiary according to law. The codefendant, Herschel Williams, Jr., sued out a writ of error in this court and his case was reviewed. 403 Ill. 248.

Plaintiff in error brings to this court the common-law record, together with two or three exhibits attached thereto. At the close of his abstract of record he has included fifteen rather confused assignments of error and in his brief another fifteen points urging reversal. We have summarized the arguments of plaintiff in error. He contends that the statute defining robbery as amended on March 27, 1874, is void and of no effect because the act lacks sufficient title. The act, as amended in 1874, reads: "An Act to revise the law in relation to criminal jurisprudence" referring to specific sections including the one covering "Robbery." This exact point is covered in the case of *People* v. *Van Bever,* 248 Ill. 136, holding adversely to the contention of the plaintiff in error.

Plaintiff in error next urges that he could not be guilty of the offense charged because on the date alleged in the indictment for the occurrence of the offense he was in the Vermilion County jail. This court held in *People* v. *Taylor,* 391 Ill. 11, where an exact situation was presented, that "Proof of the precise date as alleged is unnecessary unless the allegation of a special time is an essential in-

gredient of the crime or the running of the period of limitation. * * * the date alleged in the indictment as the time of the commission of the offense may thus be shown to include any time within the period prescribed by law for the prosecution of the crime." See, also, *People* v. *Griffin,* 397 Ill. 456.

The other errors assigned, such as the insufficiency of evidence to convict, the incompetency of counsel appointed to defend, and the admissibility of the testimony of an accomplice, could only be considered upon a bill of exceptions. No such bill of exceptions has been filed.

The judgment of the circuit court of Vermilion County is affirmed.

*Judgment affirmed.*