THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JIMMY LONG, Defendant-Appellant.

First District (3rd Division)   No. 77-1681

Opinion filed September 27, 1978.—Rehearing denied November 1, 1978.

Ralph Ruebner and Patricia Unsinn, both of State Appellate Defender's Office, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Lee T. Hettinger and James S. Veldman, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

Defendant, Jimmy Long, was charged with armed robbery and aggravated battery. A jury found him guilty of both crimes and the court sentenced him to four to seven years for armed robbery only. On appeal defendant contends that there was a fatal variance between the bill of particulars and the proof adduced at trial; that the trial court erred in permitting testimony concerning photographic identification of defendant; that the cross-examination of defendant's character witness was improper; and that certain comments of the prosecutor during

closing argument constituted reversible error. Because of the nature of the issues presented, only a brief recitation of the facts is necessary.

On February 6, 1976, at 1 p.m., Robert Jones was walking from his home at 3417 West Madison Street in Chicago to a service station located at Warren Boulevard and Homan Avenue. Jones, 17 years old, was getting cigarettes for his grandfather. As Jones approached the service station, about a block from his home, he was pulled into a gangway between houses and robbed at knifepoint by defendant. Defendant took his money and stabbed Jones in the left hand. Jones gave the police officers a description of his robber and also informed them that he had seen the robber at a nearby high school and at stores in the neighborhood. Defendant was arrested after Jones identified his photograph at the police station.

Defendant initially contends that there was a fatal variance between the bill of particulars and the evidence adduced by the State. Jones testified at trial that the attack occurred on Homan Avenue within 45 feet from the corner of Homan and Warren Boulevard. Prior to trial, the State in answer to a discovery motion had filed a bill of particulars which stated that the offense took place in the vicinity of 3343 West Warren, around the corner from the actual location of the attack.

■■ The function of a bill of particulars is to permit the defendant to prepare his defense. (*People v. Dorsey* (1936), 363 Ill. 403, 2 N.E.2d 31.) It also limits the evidence which may be introduced by the prosecution. (*People v. Walton* (1969), 118 Ill. App. 2d 324, 254 N.E.2d 190.) A variance between the bill of particulars and the evidence is fatal where the inconsistency is so substantial that it misleads the defendant in the preparation of his defense. *People v. Nickson* (1978), 58 Ill. App. 3d 470, 374 N.E.2d 804.

■ In the present case, the crime did occur within the immediate vicinity of the address given in the bill of particulars. There is no showing that defendant suffered any prejudice from this minor variance, nor was defendant misled in the preparation of his defense. Moreover, since the address was not essential to the crimes in question, the variance between the bill of particulars and the proof was harmless; the variance was not fatal. See *People v. Jones* (1973), 12 Ill. App. 3d 643, 299 N.E.2d 77.

Defendant next contends that the trial court erred in permitting Jones to testify that he identified defendant from a book of photographs at the police station. Defendant maintains that such testimony prejudiced him because it constituted evidence of other crimes and conveyed the impression that he had a long criminal record. We do not agree.

■ The practice of showing photographs of suspects to witnesses is essential to effective law enforcement (*People v. Brown* (1972), 52 Ill. 2d 94, 285 N.E.2d 1), and the use of police photographs for identification

purposes has long been upheld. (*People v. Maffioli* (1950), 406 Ill. 315, 94 N.E.2d 191.) In the present case, the police photographs were not received in evidence and were never described as "mug shots" within the hearing of the jury. The jury did not examine the photographs or the album containing defendant's photograph. Defendant was not prejudiced by the testimony concerning the photographic identification nor does it appear that the jury improperly considered defendant's past criminal record. The testimony regarding the photographic identification did not deprive defendant of a fair trial.

Defendant also contends that the prosecutor improperly cross-examined defendant's character witness by focusing on specific acts of defendant. The reputation of a person cannot be impeached by particular acts of misconduct. (*People v. Greeley* (1958), 14 Ill. 2d 428, 152 N.E.2d 825.) Nevertheless, character witnesses must be shown to have adequate knowledge of the defendant and his reputation. *People v. Moretti* (1955), 6 Ill. 2d 494, 129 N.E.2d 709.

In the instant case, the character witness testified concerning defendant's reputation at church functions. On cross-examination, he was asked whether defendant was employed or going to school. The prosecutor did not inquire into specific acts of misconduct on the part of defendant. We believe the questions concerning defendant's employment and education were proper. In any event, the questions could not be considered prejudicial.

Defendant finally argues that the comment of the prosecutor during closing argument in referring to the uncontradicted nature of the State's case was prejudicial. Defendant urges that the remarks constituted an impermissible comment on defendant's failure to testify and his right to remain silent.

The correct standard in deciding whether the prosecutor's comment violated defendant's right to remain silent is to ascertain if the reference was calculated to direct the jury's attention to defendant's failure to testify. (*People v. Cruz* (1976), 38 Ill. App. 3d 21, 347 N.E.2d 227.) It is permissible for a prosecutor to comment on the uncontradicted nature of the State's case even where the only person who could have contradicted the State's evidence was defendant himself. *People v. Mills* (1968), 40 Ill. 2d 4, 237 N.E.2d 697.

Here, the prosecutor in his summation emphasized only the character of the State's case, and his comments about the uncontradicted character of the State's evidence do not appear to have been intended to direct the jury's intention to defendant's failure to testify. Moreover, the trial judge directed the jury to disregard the remarks concerning the uncontradicted nature of the State's case. No prejudice resulted to defendant as a result of the comments.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

JIGANTI, P. J., and McGILLICUDDY, J., concur.