THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
CLARENCE L. SIMMONS, Defendant-Appellant.

First District (2nd Division)    No. 80-2205

Opinion filed March 30, 1982.

George P. Lynch, of Chicago, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat and Kevin Sweeney, Assistant State's Attorneys, of counsel), for the People.

JUSTICE HARTMAN delivered the opinion of the court:

Defendant was found guilty of theft in a jury trial on evidence that he falsely reported to his insurance company the theft from his car of a radio-telephone for which he received $1,400 from the insurance company. He was sentenced to 2 to 6 years imprisonment. He raises as issues whether or not: the indictment was vague and duplicitous; the State adduced evidence outside the bill of particulars; the jury should have been instructed on the lesser included offense of misdemeanor theft; the State's closing argument was proper; and, there was prosecutorial misconduct before the grand jury. For the reasons which follow, we affirm.

Evidence was adduced at trial of the following events. Before September 1975, defendant purchased a radio-telephone unit and had it installed in his Excalibur automobile. He insured the automobile and

radio-telephone unit with Aetna Casualty and Surety Company (Aetna). On September 2, 1975, the day insurance coverage expired, defendant reported to the police that a burglary occurred in his garage, and that the car's tires, wheels, removable trunk (containing the receiver-transmitter unit), radio and radio-telephone headset were taken. Defendant subsequently reported his loss to Aetna. The total claim came to $7,962.16 of which Aetna paid him $1,400 in February 1976 for the loss of his radio-telephone. In the summer of 1977 the radio-telephone he had reported stolen reappeared in his possession.

■■ Defendant first contends that the court erred in failing to dismiss the indictment, which he alleges was unconstitutionally vague and duplicitous because the "first half" of each count of the four-count indictment alleges the elements of the offense of theft and ostensibly charges him thereof, whereas the "second half" appears to charge him with fraud on an insurance company. We disagree. Duplicity occurs when two or more offenses are charged in the same count, not from charging a single offense in more than one way or where different acts contribute to the same offense. (*People v. Ross* (1961), 21 Ill. 2d 419, 421, 173 N.E.2d 474; *People v. Kent* (1974), 18 Ill. App. 3d 357, 309 N.E.2d 715.) Here, the general allegations couched in the language of the statute, followed by a specific description of the purportedly unlawful acts, did not charge separate crimes of theft and fraud on an insurance company as contended. Rather, the "second half" of each count described the acts contributing to the offense of theft charged in the "first half." In *People v. Sullivan* (1961), 21 Ill. 2d 232, 171 N.E.2d 623, cited by defendant, the indictment was vague, indefinite, duplicitous, confusing and incomprehensible. Whether the allegations charged defendant with additional offenses or were related to one single offense could not be determined. No such circumstances exist in the indictment at issue here.

Defendant next claims that the court improperly allowed the State to introduce evidence which went beyond the scope of its original and amended bills of particulars, which stated that the occurrence described in the indictment was a continuing offense beginning on or about September 1975 and culminating in February 1976. Defendant objects to evidence which was introduced of events occurring in 1977 and 1978, *e.g.*, evidence that defendant gave the radio-telephone, which he had reported stolen, to his former employer, who in turn left it in a repair shop. Although defendant's motion for a bill of particulars is not included in the record on appeal, the trial court at one point commented that it requested information as to when the crime occurred and its location. Thus, defendant apparently did not request the dates of all events of which evidence was to be adduced at trial.

■■ Evidence concerning events which occurred in 1977 and 1978 was

properly received because it was introduced to prove that defendant had committed a crime within the period specified in the bills of particulars. A bill of particulars which specifies that an offense took place at a particular time does not preclude the introduction of evidence of events leading up to or after the offense; moreover, even a variance between the date of the crime specified therein and the date as proved at trial need not constitute reversible error, unless the date is an essential ingredient of the crime or relates to the running of the statute of limitations. (See *People v. Custer* (1972), 11 Ill. App. 3d 249, 296 N.E.2d 753; *People v. Simental* (1973), 11 Ill. App. 3d 537, 297 N.E.2d 356.) *McDonald v. People* (1888), 126 Ill. 150, 162, 18 N.E. 817, cited by defendant, is distinguishable from the case at bar since there evidence introduced at trial related to events entirely independent of the offense charged. The surprise claimed by defendant through introduction of the 1977 and 1978 events is unfounded since the State's answer to discovery revealed that information more than one year before trial.

Defendant next contends the court erred in failing to instruct the jury on the lesser included offense of misdemeanor theft. He argues there was evidence from which the jury could have concluded that the less expensive unit of the radio-telephone, the telephone headset unit, rather than the more expensive transmitter-receiver, was fraudulently reported stolen. He relies upon the fact that only the telephone unit, and not the transmitter-receiver, was admitted into evidence, and that documents in evidence by which the transmitter-receiver was traced through its serial number were proved to have been forged.

■■ An instruction on a lesser included offense should only be given when the evidence permits a finding of not guilty on the greater offense but guilty on the included offense. (*People v. Balls* (1981), 95 Ill. App. 3d 70, 74-75, 419 N.E.2d 571; *People v. Bembroy* (1972), 4 Ill. App. 3d 522, 281 N.E.2d 389.) In the present case, most of the evidence adduced related to the theft of the transmitter-receiver; there was insufficient evidence to sustain a conviction of theft of the headset alone. For example, the transmitter-receiver can be traced from defendant's original possession of it, to his later possession of it after he had reported it stolen, through its serial number, decoder number, and nonstandard crystals. The only evidence adduced relating solely to the headset unit was a label of the unit's old decoder number found on the headset in defendant's possession identifying it as the one he had reported stolen, a number which could have been assigned to anyone after defendant relinquished it 3 years earlier. As to defendant's assertion that documents containing the serial number of the radio-telephone were forged, the evidence shows more probably that they were altered to correct a miswriting and accurately depicted, as altered, the correct serial number.

■■ Defendant claims prejudice in the argument of the prosecutor. Evidence has been presented at trial that during September and October of 1975, after the reported burglary, defendant's car was inoperable. One witness, however, testified that during that period defendant drove to the witness' place of business in the allegedly inoperable car and made an incriminating statement. During closing argument the prosecutor asserted that defendant could have restored his automobile to operating condition during September and October with money he had received immediately from Aetna in settlement of his claim relating to the burglarized automobile parts other than the transmitter-receiver unit. Defendant claims this argument was fatally misleading and inaccurate since there was testimony at trial that settlement for the claim to which the prosecutor referred did not occur until January 1976, and was made in parts rather than cash. Although there was testimony that settlement was made in January 1976, defendant primarily relies on an unauthenticated document never admitted into evidence for his assertion that he had received parts rather than cash. This document was unseasonably offered into evidence during jury deliberations. Nevertheless, an Aetna insurance agent testified that he had received a copy of the check sent to defendant for the wheels of his automobile, although he did not indicate on what date this occurred. The prosecutor's comment thereby arguably constituted a reasonable inference from that testimony. (See *People v. McTush* (1978), 61 Ill. App. 3d 214, 218, 377 N.E.2d 1148.) Further, since this argument occurred only once, and the degree of its impropriety, if any, was minimal, its utterance was not a material factor in defendant's conviction so as to require reversal. See *People v. Evans* (1979), 80 Ill. App. 3d 444, 458, 399 N.E.2d 1333; *People v. Fort* (1976), 44 Ill. App. 3d 62, 66, 357 N.E.2d 1365.

■■■ Finally, defendant argues he was prejudiced by prosecutorial misconduct before the grand jury. He has not included a transcript of the grand jury proceedings in the record on appeal and therefore has waived consideration of that issue. (*People v. Edwards* (1978), 74 Ill. 2d 1, 6-7, 383 N.E.2d 944; *People v. Vriner* (1978), 74 Ill. 2d 329, 339, 385 N.E.2d 671.) Assuming there had been no waiver, defendant's contention that the grand jury which returned the indictment had been used improperly as a "rubber stamp" because sworn assistant state's attorneys read the transcript of previously dismissed grand jury proceedings to it, cannot be sustained. Such a procedure was approved in *People v. Johnson* (1981), 97 Ill. App. 3d 1055, 423 N.E.2d 1206. (*Cf. People v. Curoe* (1981), 97 Ill. App. 3d 258, 422 N.E.2d 931.) Further, we find no prejudice in the remarks made by one of the prosecutors of which defendant complains, to wit: "This is a reindictment of a previous indictment that was voted by another Grand Jury. The charge will be theft. I will outline it for you." We fail to see how such an explanation rises to the level of prosecutorial

misconduct. Nor do we find the State's request for subpoenaes seeking bank records, which the prosecution ultimately failed to present to the grand jury, in and of itself constitutes an attempt to misuse the grand jury for discovery purposes. The State was required to prove receipt and use by defendant of the $1,400 check. Receipt, deposit or other use of these funds could have been proven by the State either by production of bank records, through testimony, or both ways. The fact that the State sought to be prepared to make its proof through records rather than through testimony, if necessary, is of no significant moment, particularly where, as here, no prejudice as to the selection of such an alternative has been shown or even suggested. No abuse of discovery has been demonstrated under the foregoing circumstances.

No basis has been shown for disturbing the jury verdict reached in this case and, accordingly, that finding and judgment entered thereon must be affirmed.

Affirmed.

DOWNING and PERLIN, JJ., concur.