THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
DONALD NOLL, Defendant-Appellant.

Fourth District   No. 4—82—0030

Opinion filed September 14, 1982.

Daniel D. Yuhas and Janet Sinder, both of State Appellate Defender's Office, of Springfield, for appellant.

G. Patrick Riley, State's Attorney, of Eureka (Robert J. Biderman and David E. Mannchen, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE TRAPP delivered the opinion of the court:
Defendant appeals from his conviction for public indecency (Ill. Rev. Stat. 1979, ch. 38, par. 11—9(a)(3)). On appeal he asserts that there was a fatal variance between the evidence and the information as supplemented by a bill of particulars; that it was error for the trial

court to refuse to instruct the jury it must find the evidence conforms with the bill of particulars in order to convict defendant; and, that he was not proved guilty beyond a reasonable doubt. We affirm.

An information alleged that on July 31, 1981, defendant Donald Noll committed the offense of public indecency in that he exposed his sex organs with intent to arouse his sexual desires. Subsequently, defendant requested a bill of particulars giving the exact time and date the occurrence allegedly took place. The State responded in open court that the offense occurred at or about 1:30 p.m. on July 31, 1981. On September 11, 1981, defendant filed a statement notifying the prosecution that defendant intended to use the affirmative defense of alibi.

At trial, the complaining witness testified that on July 31, 1981, she ran three miles during her lunch hour. During this run, defendant passed her several times in a car. After the car passed the last time and disappeared over a hill, she continued running and saw that the car had stopped on a side road. The door of the passenger side was open and defendant was half sitting, half standing against the seat of the passenger side, nude from the waist down. Although she just glanced at him for a second, she noticed that his hands were moving in his genital area and it looked as if he were masturbating. She testified that this occurred almost exactly at 12:30 p.m.

Eureka police officer Clarence Lenover, Jr., testified that he spoke to defendant on July 31 and defendant told him that he left his sister's house at approximately 12:25 or 12:30 p.m. that day to go to the residence of his former brother-in-law, Richard Waldschmidt. Defendant stayed at that residence the rest of the afternoon.

Lenover also testified that he talked to Richard Waldschmidt that day and Waldschmidt told him defendant had been at the Waldschmidt house since approximately 11 a.m. that day.

At trial, Waldschmidt testified that defendant arrived at his house at about 12:25 p.m. on that day and was at the house, or with Waldschmidt, until late that night. He testified that although he might have previously told Lenover defendant had been at his house since 11 a.m., this was because Waldschmidt was upset.

Waldschmidt's wife, Amy Waldschmidt, testified defendant arrived at her house at 12:25 or 12:30 p.m. on that day and watched television with Amy until 1:30 or 2 p.m. He then spent the day with Richard Waldschmidt.

At the instruction conference, defense counsel tendered an instruction that the State must prove "the offense occurred on July 31, 1981, at or about 1:30 p.m. ***." This instruction was refused.

The jury found defendant guilty on September 16, 1981. He was sentenced to one year of probation with a condition that he serve 45 days in the county jail. A motion for a new trial was filed and denied.

Defendant first argues that he was not proved guilty beyond a reasonable doubt where the bill of particulars stated the act occurred at or about 1:30 and the evidence showed the act occurred at 12:30. Both the State and defendant agree that the purpose of the bill of particulars is to supplement an indictment so as to better inform defendant of the nature of the charges against him, or to better enable him to present a defense and also to limit the evidence which may be introduced by the State. (*People v. Walton* (1969), 118 Ill. App. 2d 324, 254 N.E.2d 190.) The State asserts that a variance between the bill of particulars and the evidence is fatal only when the inconsistency is so substantial that it misleads the defendant in the preparation of his defense. (*People v. Long* (1978), 65 Ill. App. 3d 21, 382 N.E.2d 327.) Defendant contends that the variance in time between the evidence and the bill of particulars did mislead him in the preparation of his defense.

The State, however, notes *People v. Fleming* (1970), 121 Ill. App. 2d 97, 257 N.E.2d 271. In *Fleming*, the defendant was indicted on two counts of theft. One of the counts alleged that the theft occurred on March 20, 1967, whereas the proof showed the theft occurred at the end of April. Defendant argued the error was material since he had prepared an alibi defense based on the March 20 date. The court summarily responded that the precise question was answered in *People v. Johnson* (1949), 404 Ill. 33, 87 N.E.2d 864. That case relied upon the rule that "proof of the precise date as alleged is unnecessary unless the allegation of a special time is an essential ingredient of the crime or the running of the statute of limitations is involved." (121 Ill. App. 2d 97, 103, 257 N.E.2d 271, 274.) Therefore, the *Fleming* court found no error. In *Johnson*, the defendant argued that he could not be guilty of the offense charged because he was in jail on the date alleged in the indictment. Relying on the above-quoted rule, the court found no error.

■■ While we do not challenge the general rule as stated above, we do believe that it may be inappropriate when an alibi defense is used to counter the time or date stated in the indictment, or bill of particulars. In such a case, the defendant may have been misled into failing to gather his evidence and witnesses with regard to the time and date actually proved by the State. However, in the present case defendant was not prejudiced since defendant testified he arrived at Waldschmidt's house at 12:25 or 12:30 p.m. Officer Lenover testified

that Richard Waldschmidt had told him defendant had been at the Waldschmidt house since approximately 11 a.m. All of defendant's alibi testimony, if found credible by the jury, encompassed the 12:30 p.m. time testified to by the complaining witness as the time the incident occurred. It is apparent the jury simply chose not to believe the alibi testimony. Therefore, the variance between the bill of particulars and the information is not prejudicial.

█ Defendant next asserts it was error for the court to refuse to instruct the jury that the State must prove the "offense occurred on July 31, 1981, at or about 1:30 p.m. ***." Defendant acknowledges that the Committee Note to Illinois Pattern Jury Instructions, Criminal, No. 2.06 (2d ed. 1981), regarding bill of particulars, states that the committee recommends no instruction be given on the subject. The note also states it is a question for the court whether the evidence complies with a bill of particulars, and the bill of particulars limits the character of the evidence but does not go to the jury. The committee cites to *McDonald v. People* (1888), 126 Ill. 150, 18 N.E. 817, and *People v. Parker* (1934), 355 Ill. 258, 189 N.E. 352. It is contended that the committee's reliance upon these cases is misplaced since a subsequent Illinois Supreme Court case, *People v. Dorsey* (1936), 363 Ill. 403, 2 N.E.2d 321, stated that "the defendants were entitled to have the jury instructed on the issue as to which the prosecution was limited" by the bill of particulars. 363 Ill. 403, 408, 2 N.E.2d 321, 323.

We agree with the Committee Note and our previous ruling in *Walton*, holding that a bill of particulars does not go to the jury. In *Dorsey*, the defendants were charged with conspiracy and the bill of particulars filed limited the issues to whether or not certain securities were fraudulent. Defendants' tendered instructions so limiting the issues were refused, and the trial court submitted the case to the jury upon the issue of whether or not the losses were extortionate and exorbitant. As a result, the theory of the prosecution was submitted to the jury upon facts not contained within the bill of particulars. The court stated that the issue should be limited to the conspiracy set forth in the bill of particulars and that defendants were entitled to have the jury instructed upon the issue so limited, and upon which defendants were tried. In the present case, there is no question but that the jury was instructed on the issue as to which defendant was tried, and it was not error to refuse defendant's tendered instruction.

Defendant's final contention is that the testimony of the complaining witness was insufficient to establish commission of the offense. Defendant was charged with a lewd exposure of his sex organ "with

intent to arouse" his sexual desire. (Ill. Rev. Stat. 1979, ch. 38, par. 11—9(a)(3).) Although she testified defendant's hands were moving in his genital area and she assumed he was masturbating, defendant challenges the validity of her testimony since the witness only glanced at him for a second. Defendant relies upon *People v. Grear* (1969), 42 Ill. 2d 578, 248 N.E.2d 661, to support his contention that the testimony is insufficient to sustain the conviction.

In *Grear*, a 17-year-old female testified that she was standing on a corner when she saw defendant expose himself as he turned the corner in a car. The witness was in the company of a girlfriend who did not notice anything unusual. The driver of the car said nothing to the witness and did not make any attempt to attract her attention. The court stated that in order to sustain a conviction the evidence must be clear and convincing, or substantially corroborated. Since the complaining witness only had fleeting opportunity to view the driver, and since the witness' companion did not see anything out of the ordinary, the court concluded the evidence was insufficient.

Here, there is no countervailing factor such as the failure of a companion to notice anything unusual. Furthermore, the witness in this case testified to more than mere exposure by defendant. She testified that defendant had no clothes on below his waist and his hands were moving in the genital area. The jury apparently deemed this testimony credible. An inference of intent to arouse or satisfy defendant's sexual desires is well justified. We believe the evidence was clear and convincing and sufficient to establish guilt beyond a reasonable doubt.

For the foregoing reasons, the conviction is affirmed.

Affirmed.

WEBBER and LONDRIGAN, JJ., concur.