THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JAYSEN MARTIN, Defendant-Appellant.

Second District No. 81—901

Opinion filed May 27, 1983.

G. Joseph Weller and Daniel D. Yuhas, both of State Appellate Defender's Office, of Elgin, and Gary R. Peterson, of State Appellate Defender's Office, of Springfield, for appellant.

Theodore Floro, State's Attorney, of Woodstock (Phyllis J. Perko and Cheri Novak, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE REINHARD delivered the opinion of the court:

After a jury trial, defendant, Jaysen Martin, was found guilty of burglary (Ill. Rev. Stat. 1981, ch. 38, par. 19—1(a)) and was subsequently sentenced to an extended term of eight years' imprisonment. On appeal, defendant contends that the State failed to prove that his entry of the house in question was without authority and that there was a fatal variance between the date of the offense in the bill of par-

ticulars and the date testified to at trial.

On May 8, 1981, the defendant was charged in an information with three counts of burglary and three related counts of theft. Count II charged defendant with burglary in that "on or about March 31, 1981, *** [he], without authority knowingly entered a building of George Layoff *** with the intent to commit therein a theft ***." In answer to defendant's motion for a bill of particulars the State set forth that this burglary occurred between 8 a.m. and 2 p.m. on March 31, 1981. The other two burglaries and related thefts were alleged to have occurred on March 30, 1981, at the Gerda Steinmetz residence and on April 1, 1981, at the Layoff residence. At the close of the State's case, the trial court directed verdicts of acquittal for defendant on two of the three theft counts. The jury found the defendant not guilty of the March 30 and April 1 burglaries and the April 1 theft, but found the defendant guilty of the March 31 burglary.

The trial testimony will be discussed only as is necessary to understand the issues raised in this appeal. The State presented testimony that defendant, during the first two weeks of April 1981, sold several items of jewelry to Eugene Nowell, the owner of the Old World Coin Shop. This jewelry was identified as jewelry which was missing from the residences on the dates in question.

George Layoff, Sr., testified that around March 31 or April 1, he was not sure of the date, he and his wife returned home from work and found several items of jewelry missing. He stated that he lives in the house with his wife, his daughter and his son, George Jr. He said that he rents the house; that he has complete control of the premises; and that his name is on the lease. He testified that he did not give anyone permission to take the jewelry from his house or to enter the house to take the jewelry.

George Layoff, Jr., testified, on direct examination, that on March 30 the defendant told him that he would sell him marijuana for any gold that George could obtain. In a later conversation that same day or the next day with the defendant, George Jr. agreed to leave the back door of his parents' house unlocked. The defendant told him that he would take a couple of rings and that he would then give George Jr. one-half pound of marijuana in exchange. The day George Jr. left the door unlocked for the defendant, he left the house about 8:30 in the morning, he went to his grandmother's home, and he returned after 2:30 in the afternoon. He went to his parents' room and discovered that two rings of his parents' were missing. He said that the defendant did not give him the marijuana he promised. Although he observed his class ring there at that time, he later discovered the ring

was missing. He testified that he never gave defendant permission to enter the house again to take his class ring. Pry marks were found on the back door. This testimony regarding the class ring formed the basis of a separate burglary count alleged to have occurred on April 1, and for which the defendant was found not guilty.

On cross-examination George Jr. testified that he was 17 years old; that he lived with his sister and parents in his parents' home; and that he was suspended from school for three days beginning on Monday of the week in question. He testified he had had one discussion with the defendant on March 30 and another on March 31 in which he agreed to leave the back door of the house unlocked for the defendant. He said he went to his grandmother's home on April 1.

On redirect examination, however, after prompting from the State regarding the dates, he testified that his first two conversations with the defendant both occurred on Monday, March 30; that he left the door unlocked on March 31; and that he returned that afternoon from his grandmother's home and found his parents' rings missing.

The defendant denied ever entering the Layoff home and presented an alibi defense by his own testimony and that of five of his friends. The alibi testimony, in essence, was that defendant was with friends from March 30 until 5:30 p.m. on April 1.

Defendant first contends that his conviction should be reversed because the State failed to prove an essential element of the crime of burglary. Section 19—1 of the Criminal Code of 1961 provides that:

> "A person commits burglary when without authority he knowingly enters or without authority remains within a building *** or any part thereof, with intent to commit therein a felony or theft." (Ill. Rev. Stat. 1981, ch. 38, par. 19—1(a).)

This statute requires the State to prove that an entry was both without authority and with the intent to commit a felony or theft. *People v. Weaver* (1968), 41 Ill. 2d 434, 439, 243 N.E.2d 245.

Defendant maintains that George Layoff, Jr.'s testimony clearly shows that he gave the defendant permission to enter the house and left the door open for him, and that this proved that his entry was not "without authority."

In *People v. Castile* (1975), 34 Ill. App. 3d 220, 339 N.E.2d 366, the appellate court rejected a similar argument that an assistant store manager could authorize an entry for an unlawful purpose. The court reasoned that the assistant manager had no more authority to consent to an entry of his employer's building for the purposes of a theft than he had to steal the merchandise himself. 34 Ill. App. 3d 220, 226, 339 N.E.2d 666.

The parties have not cited any Illinois decision nor has our research disclosed any case in Illinois which has addressed the precise question of whether a minor can authorize an entry into his parents' home for the unlawful purpose of stealing their property. However, the Court of Appeals of North Carolina in *State v. Tolley* (1976), 30 N.C. App. 213, 226 S.E.2d 672, reached the issue in a case where the son of the occupants of a residence had told the defendant where a key to his parents' house was located as part of a plan to steal some of his parents' belongings. Defendant was arrested and convicted of "felonious breaking and entering." The court held that although a person entering a residence with the good-faith belief that he has the consent of the owner or occupant or his authorized agent is not chargeable with the offense of breaking and entering, defendant could not reasonably have believed that the son had authority to permit the defendant to enter his parents' house for the purpose of stealing valuables which belonged to the parents and not their son. (30 N.C. App. 213, 215, 226 S.E.2d 672, 674.) The court concluded that the defendant did not have authorized consent to enter the home.

■■ Under the particular factual circumstances in the instant case, we find that defendant's entry into the house was without authority. The younger Layoff, as an unemancipated minor living in a house which his father rented and controlled, may have the ability to authorize entries into his parents' house for lawful purposes. We hold, however, that he could not authorize the defendant's entry into his parents' house for the unlawful purpose of stealing his parents' jewelry. Here, there was sufficient evidence for the jury to find that the younger Layoff's consent to the defendant's entry for the purpose of committing a theft was beyond his authority, thereby making the entry unauthorized. See *In re S.R.H.* (1983), 96 Ill. 2d 138, 449 N.E.2d 129.

*People v. Peace* (1980), 88 Ill. App. 3d 1090, 411 N.E.2d 334, cited by the defendant is clearly distinguishable. There, this court reversed a burglary conviction where a baby-sitter let the defendant into a residence to use the phone, and the defendant then attacked her. The State urged the court to affirm on the basis of the rule, applicable to buildings open to the public, that authority to enter is limited to purposes consistent with the reason the building is open to the public. We declined to apply the "limited purpose" rule to the entry of a private home. In that case there was no issue of the 12-year-old baby-sitter's authority to allow the defendant into the house.

■■ ■ The defendant also urges that his conviction should be reversed because the bill of particulars stated that the burglary of the Layoff residence charged in count II occurred on March 31 while

George Layoff, Jr.'s testimony was that defendant entered the house on April 1. Defendant argues that his conviction was improper because this variance exposed him to double jeopardy, misled him in preparing his defense and, therefore, violated his right to due process.

From our examination of the record and, in particular, the testimony of George Layoff, Jr., it is apparent that Layoff Jr.'s testimony is less than precise. On direct examination his testimony appeared to indicate that the first burglary of the Layoff residence charged in count II occurred on either March 31 or April 1. On cross-examination he stated this burglary occurred on April 1. However, on redirect examination he specifically testified that the first burglary of the Layoff residence occurred on March 31.

A minor inconsistency in the testimony of a witness as to the date of the alleged occurrence from the date in a bill of particulars, particularly when subsequently corrected pursuant to specific inquiry, does not amount to a fatal material variance. (*People v. Taylor* (1965), 33 Ill. 2d 417, 423, 211 N.E.2d 673.) George Layoff, Jr.'s testimony as to the date of the burglary only raised an issue as to his credibility which the jury could properly consider. (See *People v. Cassman* (1972), 7 Ill. App. 3d 786, 288 N.E.2d 667 (abstract of opinion).) Defendant was not misled in preparing his alibi defense in this regard, and has not shown any prejudice since he did present evidence of an alibi on the date and time of this offense specified in the bill of particulars. Nor could the defendant be subject to double jeopardy since the six-count information, as supplemented by the bill of particulars, and the evidence at trial adequately details two separate burglaries at the Layoff house on two separate dates.

For the foregoing reasons, the judgment of conviction appealed from is affirmed.

Affirmed.

VAN DEUSEN and UNVERZAGT, JJ., concur.