THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. CHRISTOPHER CHRISOS et al., Defendants-Appellants.

Fifth District   No. 5—85—0125

Opinion filed April 17, 1986.

748

Randy E. Blue, of State Appellate Defender's Office, of Mt. Vernon, for appellants.

John Baricevic, State's Attorney, of Belleville (Kenneth R. Boyle, Stephen E. Norris, and Debra A. Buchman, all of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE WELCH delivered the opinion of the court:

Following a jury trial in the circuit court of St. Clair County, the defendants, Christopher Chrisos and Michael Chrisos, were found guilty of armed violence. On appeal, the defendants contend that: (1) they were not proved guilty beyond a reasonable doubt of armed violence; (2) they were denied effective assistance of counsel; and (3) the trial court erred in not appointing other counsel for them at their post-trial proceedings. We affirm.

Prior to trial, the defendants filed a motion for a bill of particulars requesting that the State describe the category of the alleged dangerous weapon, the size, shape, and length of the alleged dangerous weapon. Further, the defendants requested the facts relied upon by the State in considering this dangerous weapon within the scope of the armed-violence statute.

In orally responding to the defendants' motion for a bill of particulars, the State described the dangerous weapon as a "shard of glass which would fall under the category weapon of category 1 offense indicating objects of a sharp nature such as a knife, dagger, that type of thing under Chapter 38, Section 33A." The State further described the weapon as triangular in shape and at least 10 centimeters in length.

At trial the victim, Baboucar Njai, stated that in the early morning hours of October 11, 1985, Michael Chrisos stopped by his place of employment and invited him over to his trailer after work. When Njai

arrived, Christopher Chrisos first attacked him with a motorcycle chain which he had wrapped around his hand. After Njai was able to disarm Christopher, Christopher then grabbed a billy club and struck Njai. Again, Njai was able to disarm Christopher. However, Michael then grabbed Njai from behind, and Christopher rushed at Njai with a piece of glass. Christopher eventually stabbed Njai on the left side of the neck causing a wound of 10 centimeters in depth. After the police arrived, Njai was rushed to Scott Air Force Base, where he received four hours of emergency surgery.

At trial, Njai described the piece of glass as tapered on the sides with two to three inches exposed from the "handle" that Christopher had fashioned with a piece of cloth.

Dr. Jana Bronfman, emergency room physician, stated at trial that she did not measure the depth of Njai's wound because she thought it would be life threatening. However, she stated that according to the measurements of the other treating physicians noted in the hospital records, the wound was 10 centimeters deep.

■■■ The defendants' first contention on appeal is that the State failed to prove beyond a reasonable doubt that the piece of glass was a dangerous weapon within the armed-violence statute. Their argument concerns the construction of sections 33A—1 and 33A—2 of the Criminal Code of 1961, which provide, respectively:

> "Definitions. (a) 'Armed with a dangerous weapon.' A person is considered armed with a dangerous weapon for purposes of this Article, when he carries on or about hs person or is otherwise armed with a category I or category II weapon. (b) A category I weapon is a pistol, revolver, rifle, shotgun, spring gun, or any other firearm, sawed-off shotgun, a stun gun or taser as defined in paragraph (a) of Section 24—1 of this Code, knife with a blade of at least 3 inches in length, dagger, dirk, switchblade knife, stiletto, or any other deadly or dangerous weapon or instrument of like character. ***" Ill. Rev. Stat. 1983, ch. 38, par. 33A—1.

> "Armed violence—Elements of the offense. A person commits armed violence when, while armed with a dangerous weapon, he commits any felony defined by Illinois Law." Ill. Rev. Stat. 1983, ch. 38, par. 33A—1.

In the recent case of *People v. Hall* (1983), 117 Ill. App. 3d 788, 453 N.E.2d 1327, *cert. denied* (1984), 467 U.S. 1228, 81 L. Ed. 2d 878, 104 S. Ct. 2683, the court found that a knife with a blade of at least three inches was a *per se* deadly weapon within section 33A—1. (Ill. Rev. Stat. 1983, ch. 38, par. 33A—1.) However, the court also stated

that a knife with a blade less than three inches in length could be dangerous if it is used in a manner dangerous to the physical well-being of the victim. In applying the facts particular to this case to the *Hall* decision, the State proved beyond a reasonable doubt that the defendants used a dangerous weapon in a manner dangerous to the physical well-being of Njai.

At trial, the State presented evidence that the piece of glass was triangular in shape and with a blade of at least two to three inches in length and was subsequently used to stab Njai, causing him great bodily harm. Furthermore, from the evidence adduced at trial, the jury could reasonably infer that the piece of glass was a dangerous weapon such as an instrument of like character to a knife with a blade of at least three inches or a dagger. Also, the testimony at trial proved that the weapon fell within the definition of the weapon in the charging instrument and the bill of particulars.

However, the defendants specifically allege that the State did not prove that the piece of glass was "an instrument of like character" such as a "knife with a blade of at least 3 inches in length." (Ill. Rev. Stat. 1983, ch. 38, par. 33A—1.) In arguing their point, the defendants rely on *People v. Cleveland* (1980), 83 Ill. App. 3d 675, 404 N.E.2d 876. Under *Cleveland,* the defendants argue that since the function of a bill of particulars is to limit the evidence which the prosecutor may introduce, the State was limited to proving that the piece of glass was an instrument of like character to a knife with a blade of at least three inches.

■ The purpose of a bill of particulars is not only to limit the State's introduction of evidence but also to supplement a sufficient indictment in order to inform the defendant in detail the nature of the charges against him and to enable the defendant to present his defense. (*People v. Steele* (1984), 124 Ill. App. 3d 761, 765, 464 N.E.2d 788, 792.) Also, a bill of particulars cannot expand the charging instrument. (*People v. Steinmann* (1978), 57 Ill. App. 3d 887, 897, 373 N.E.2d 757, 764.) Furthermore, where there is a minor inconsistency between the proof elicited at trial and information contained in the bill of particulars, it does not amount to a fatal variance. (*People v. Martin* (1983), 115 Ill. App. 3d 103, 107, 449 N.E.2d 1039, 1041.) This is particularly so where the defendants have not been misled or have demonstrated any prejudice resulting from the variance. See *People v. Martin* (1983), 115 Ill. App. 3d 103, 449 N.E.2d 1039.

■ In the case at bar, the defendants do not allege that they were misled, were unable to prepare their defense or prejudiced by the alleged inconsistency. Further, the defendants neither challenge

the sufficiency of the charging instruments nor allege that the response to the bill of particulars expanded the charging instruments. Prior to *voir dire* the State did not misdirect the defendants as to the evidence which it was going to present. In response to the bill of particulars, the State said that it would prove that the piece of glass used was an instrument of like character such as a knife or dagger or those instruments within section 33A—1. Thus, the State limited its introduction of evidence to proving that the piece of glass was similar to the sticking instruments listed within section 33A—1.

The defendants also allege that the only other evidence of the length of the "blade" is the testimony of the emergency room's physician. They allege that this evidence is unreliable in light of the fact that several persons applied pressure to the wound possibly resulting in deepening the wound. However, this argument is not relevant in light of the fact that the State did not limit its introduction of evidence to proving that the piece of glass was an instrument of like character to a knife with a blade of at least three inches. Thus, the testimony of the emergency room physician was not substantial evidence of a material element of the offense of armed violence as the defendants argue.

■ The defendants' next contention is that they were denied effective assistance of counsel because their counsels failed to object to prejudical and inadmissible hearsay testimony. The defendants specifically refer to the examination by the State of the emergency room physician which is as follows:

"Mr. Jensen [assistant State's Attorney]: Now, you did not ascertain the depth of that wound. Did any of the other surgeons involved?

Dr. Bronfman: The other doctors did measure it. And the entry is in the medical records.

Mr. Jensen: How far did that wound pierce his throat area?

Dr. Bronfman: It was ten centimeters deep according to the record."

In a claim of ineffective assistance of counsel under *People v. Albanese* (1984), 104 Ill. 2d 504, 525, 473 N.E.2d 1246, 1255, *cert. denied* (1985), 471 U.S. 1044, 85 L. Ed. 2d 335, 105 S. Ct. 2061, citing *Strickland v. Washington* (1984), 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052, the defendants must prove prejudice. In doing so, their claim of ineffectiveness must show that their counsels' " '*** conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.' [Citation.]" *People v. Albanese* (1984), 104 Ill. 2d 504, 525, 473 N.E.2d

1246.

██ Since the testimony of the emergency room physician was not essential to proving a material element of the offense of armed violence, counsels' failure to object to the testimony did not affect the result of the trial. Furthermore, the physician's testimony was used for the purpose of informing the jury of the extent of the injuries received by the victim. Although she gave an opinion based upon facts not in evidence, her opinion was properly based upon that type of information which is reliable. (*Wilson v. Clark* (1981), 84 Ill. 2d 186, 193, 417 N.E.2d 1322, 1326, found to be applicable in criminal cases in *People v. Cornille* (1985), 136 Ill. App. 3d 1011, 484 N.E.2d 301, 305.) Also, since her opinion was based upon data presented to her outside of court and other than by her own perception, under *Wilson v. Clark* she may give a response. Thus, no hearsay objection was required or warranted.

██ Since no hearsay objection was required or warranted, and the testimony did not influence the jury, the trial can be relied on as having produced a just result. Furthermore, the defendants were not prejudiced. Thus, the defendants were not denied effective assistance of counsel. This is particularly so where both counsels examined all of the witnesses, filed appropriate pretrial and post-trial motions and otherwise afforded defendants thoroughly effective assistance of counsel.

██ The defendants' final contention on appeal is that the trial court erred when it did not appoint new counsel for them at the post-trial proceedings. The defendants filed a *pro se* post-trial motion for new trial alleging that they received ineffective assistance of counsel throughout their trial. They alleged that counsel should have moved to dismiss the case because no weapon with a blade of three inches or longer was "ever recorded on file or even recovered." They also alleged that counsel failed to object to "tainted, frivolous" evidence. However, in light of the findings in the defendants' previous contentions, the allegations in the defendants' *pro se* motion were without merit. Thus, the trial court properly denied appointment of new counsel on appeal.

In the recent case of *People v. Mallette* (1985), 131 Ill. App. 3d 67, 475 N.E.2d 237, the court found that *People v. Krankel* (1984), 102 Ill. 2d 181, 464 N.E.2d 1045, did not establish a *per se* rule which required appointment of new counsel whenever the defendant alleged ineffective assistance of counsel as the defendants in this case argue. The court found that the allegations must be considered in relation to the factual situation involved.

754

In *Krankel,* the defendant alleged that his counsel did not investigate an alibi witness. The *Krankel* court found that counsel's failure to investigate could have changed the result of the case and, thus, the defendants' assertion was a substantial allegation of ineffective assistance of counsel. In this case, the defendants did not and do not now allege any significant witnesses that counsel should have called or any potential affirmative defenses that counsel should have raised.

Furthermore, in light of the entire record in this case and both counsels' performances under the standards set out in *Strickland v. Washington* (1984), 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052, and *People v. Albanese* (1984), 104 Ill. 2d 504, 473 N.E.2d 1246, the defendants were not denied their constitutional right to effective assistance of counsel, and a remand for a new hearing on the post-trial motion with new counsel for defendants is not warranted.

For the foregoing reasons, the judgment of the circuit court of St. Clair County is affirmed.

Affirmed.

JONES and HARRISON, JJ., concur.