THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
JOEL VARELA, Defendant-Appellant.

Third District   No. 3—89—0269

Opinion filed February 14, 1990.

Mark D. Fisher, of State Appellate Defender's Office, of Ottawa, for appellant.

Tony L. Brasel, Special Prosecutor, of Watseka (Judith Z. Kelly, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE STOUDER delivered the opinion of the court:

Following a jury trial, the defendant, Joel Varela, was convicted of two counts of aggravated battery and one count of armed violence. The jury acquitted the defendant of an attempted murder charge. At the sentencing hearing, the trial court vacated one of the defendant's aggravated battery convictions, finding it formed the predicate felony for the armed violence conviction. The trial court sentenced the defendant to concurrent terms of imprisonment of nine years for armed violence and five years for aggravated battery. The court also

imposed a $25 fine. The defendant appeals.

This case involves a fight between two brothers and an off-duty Onarga police officer. The relevant facts of this fight can be found in the companion opinion, *People v. Varela* (1990), 194 Ill. App. 3d 357. The defendant raises several issues on appeal.

■ The defendant first contends that because he came into the fight unarmed he cannot be convicted of armed violence. A person commits armed violence, when, while armed with a dangerous weapon, he commits a felony defined by Illinois law. (Ill. Rev. Stat. 1987, ch. 38, par. 33A—2.) A person is considered armed with a dangerous weapon for purposes of the armed violence statute when he carries on or about his person or is otherwise armed with a category I or category II weapon. (Ill. Rev. Stat. 1987, ch. 38, par. 33A—1(a).) As was stated in *People v. Eure* (1986), 140 Ill. App. 3d 387, 393-94, 488 N.E.2d 1267, 1272:

> "The armed-violence statute must therefore be read as a strong statutory deterrent to carrying a dangerous or deadly weapon, the sanctions of which statute are activated when coupled with the commission of a felony.
>
>        * * *
>
> The armed-violence statute, however, does not seek merely to penalize the commission of the underlying felony, although that certainly is an inevitable adjunct of an armed-violence conviction. Rather, it seeks to deter the use of weapons in the commission of the predicate felony. * * * In short, the gravamen of the armed-violence statute focuses on the offender, and not on the results of the offense."

Contrary to the defendant's argument, there is no requirement the defendant be armed with a dangerous weapon before or at the inception of the commission of the felony; the only requirement is that the defendant be armed with the weapon while committing a felony. (See *People v. Chrisos* (1986), 142 Ill. App. 3d 747, 492 N.E.2d 216.) The crucial point in time is not when an accused arms himself; it is when the underlying offense is committed. *People v. Eure* (1986), 140 Ill. App. 3d 387, 488 N.E.2d 1267.

■ The record in the instant case reveals that at the fight's inception the defendant was unarmed. After kicking Coleman in the head, however, the defendant grabbed the bottle and swung it at Coleman, inflicting serious wounds. We believe, after reviewing the record, the jury had ample evidence from which to conclude that the defendant's arming himself with the bottle, a dangerous weapon as used, was premeditated.

We also find the defendant's reliance on *People v. Alejos* (1983), 97 Ill. 2d 502, 455 N.E.2d 48, inapposite. *Alejos* stands for the proposition that voluntary manslaughter, as distinguished from armed violence by the complete absence of any premeditation or criminal intent, cannot be the predicate felony for armed violence. (*People v. Alejos* (1983), 97 Ill. 2d 502, 455 N.E.2d 216.) In contrast, aggravated battery requires specific intent and lacks mitigating factors. (*People v. Eure* (1986), 140 Ill. App. 3d 387, 488 N.E.2d 1267.) Under the circumstances presented in the instant case, we believe *Alejos* is of little help to the defendant.

■ The defendant contends, as an ancillary argument, that the bottle, intact, is not a dangerous weapon under the armed violence statute. We note that in two recent cases, the appellate court has determined that a three-inch piece of glass was a *per se* deadly weapon (*People v. Hall* (1983), 117 Ill. App. 3d 788, 453 N.E.2d 1327), and that a two-inch piece of glass was a deadly weapon if it is used in a manner dangerous to the physical well-being of the victim (*People v. Chrisos* (1986), 142 Ill. App. 3d 747, 492 N.E.2d 216). In the instant case, the weapon was a whiskey bottle. The record indicates the bottle was used in a manner dangerous to Coleman's physical well-being. Under the circumstances presented, there is no question the bottle, intact or broken, constituted a dangerous weapon under the armed violence statute. Accordingly, we believe a reasonable jury could have found the defendant guilty of armed violence.

The defendant next contends the trial court should have granted him a mistrial after Coleman testified at trial that the defendant stated "kill mother fucker" while brandishing the broken bottle. The defendant argues a mistrial should have been granted here because the statement had not been disclosed to the defense prior to trial and was so prejudicial that a mistrial should have been granted notwithstanding the trial court's curative measures.

The trial court agreed the statement should have been disclosed, noting "it's a serious omission and affects the strategy of the case." Defense counsel, insisting that the prosecution intentionally withheld the evidence, sought a mistrial. The trial court, however, allowed defense counsel to question Coleman outside the presence of the jury. Following the interrogation, the trial court concluded there was no willful intent on the prosecution's part to evade a discovery rule, and it ordered the statement stricken. The trial court then instructed the jury not to consider the statement in determining the outcome of the case.

■ The prosecution is obligated to disclose to the defense any

statements made by the accused and is under a continuing duty to promptly disclose relevant information throughout trial. (See 107 Ill. 2d Rules 412(a)(ii), 415(b).) When presented with an undisclosed statement of the defendant at trial, a trial court may, under Supreme Court Rule 415, order disclosure of the material, grant a continuance, exclude the evidence, or enter such order as seems just under the circumstances. (107 Ill. 2d R. 415(g)(i); *People v. Morgan* (1986), 112 Ill. 2d 111, 492 N.E.2d 1303.) In *Morgan*, a prosecution witness testified to an inculpatory statement of the defendant which had not been previously disclosed during discovery. The trial court instructed the jury to disregard the testimony, granted the defendant's motion to strike, and commented that the statement should have been disclosed during discovery. The supreme court, in finding that the trial court did not abuse its discretion, noted that a trial court can usually correct the error by sustaining an objection and instructing the jury to disregard the improper remark. *People v. Morgan* (1986), 112 Ill. 2d 111, 492 N.E.2d 1303.

■ In the instant case, not only did the trial court adhere to the dictates of *Morgan*, the statement did not have a prejudicial impact. The defendant was charged with, *inter alia*, attempted murder. The undisclosed statement could have influenced the jury's consideration of that charge. The jury, however, disregarded the improper statement and acquitted the defendant of the attempted murder charge. Accordingly, we believe the trial court's actions with respect to the undisclosed statement do not amount to error.

The defendant's next assignment of error is the trial court committed reversible error by refusing to tender reckless conduct instructions. The record reveals that during the jury instruction conference, defense counsel tendered reckless conduct instructions. The court refused them. The operative question is, therefore, whether there was any evidence presented that the defendant was acting recklessly.

The record indicates that the defendant acted intentionally and knowingly throughout this incident. The defendant stated that he punched and kicked Coleman knowing Coleman to be a police officer. Defendant then saw a bottle on the ground, picked it up, and slashed Coleman's arm and stabbed Coleman in the chest. After reviewing the record, we believe the defendant did not act recklessly during this incident.

■ Moreover, there must be evidence to support a jury instruction. (*People v. Cox* (1930), 340 Ill. 111, 172 N.E.2d 64.) A defendant is not entitled to a charge on a lesser included offense simply in the hope that the jury will exercise compassion and convict him on the

lesser offense. *People v. Tiller* (1978), 61 Ill. App. 3d 785, 378 N.E.2d 282.

While some cases hold that a defendant is entitled to the benefit of any defense shown by the entire evidence, even if the facts on which such defense is based are inconsistent with the defendant's own testimony (*People v. Izzo* (1958), 14 Ill. 2d 203, 151 N.E.2d 329), and that very slight evidence upon a given theory of a case will justify the giving of an instruction (*People v. Kalpak* (1957), 10 Ill. 2d 411, 140 N.E.2d 726), the evidence presented in this case is insufficient to meet that minimal level. To hold otherwise would permit a defendant to demand unlimited instructions, which are wholly unrelated to the case but are based upon the merest factual reference or witness' comment. Accordingly, we believe the trial court's refusal to tender a reckless conduct instruction did not amount to error.

The defendant next cites as error the prosecutor's closing argument. During the course of the argument, the prosecutor urged the jury to "not believe or give any scintilla of credibility to defendant's story." The defense counsel did not object to the statement. However, defense counsel asks that this court review the issue as a matter of plain error. (107 Ill. 2d R. 615(a).) Having reviewed the entire transcript, notwithstanding defendant's waiver of the issue, we do not find that the prosecutor's comments amount to error.

It is now well settled that alleged errors at trial must be brought to the attention of the trial judge by timely objection at trial and in a written post-trial motion, or the errors are deemed waived. (*People v. Enoch* (1988), 122 Ill. 2d 176, 522 N.E.2d 1124.) The defendant's failure to object to the allegedly inflammatory closing argument operates as a waiver of the issue for purposes of this appeal.

The defendant finally contends that because the convictions for armed violence and two counts of aggravated battery all arose from a single incident, both counts of aggravated battery must be vacated as predicate felonies to the armed violence conviction. The State counters, arguing that the trial court properly vacated the defendant's conviction for aggravated battery causing great bodily harm (count III), as the predicate felony for the armed violence conviction, and properly convicted and sentenced defendant on the remaining count of aggravated battery.

The State further argues the defendant waived this issue and that plain error should not be applied. This court, however, chooses to address this issue as plain error. (107 Ill. 2d R. 615(a).) After reviewing the record, we believe, like Ruben's case, the defendant's conduct constitutes one act as defined by *People v. King* (1977), 66 Ill. 2d 551,

363 N.E.2d 838. Thus, because this incident constitutes one act, the defendant could only have been convicted of one aggravated battery. As such, we conclude the one remaining aggravated battery conviction constitutes the predicate felony for armed violence.

Therefore, in order to prevent prejudice to the defendant, we hereby vacate the defendant's conviction and sentence for aggravated battery and affirm his conviction for armed violence. The defendant's sentence for armed violence is vacated and remanded for a resentencing hearing consistent with the reasons set forth in the companion case.

Affirmed in part and reversed in part; cause remanded with instructions.

HEIPLE, P.J., and SCOTT, J., concur.