THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JAMES MOFFAT, Defendant-Appellant.

First District (4th Division)    No. 1—92—2700

Opinion filed June 16, 1994.

Ronald S. Cope, of Ancel, Glink, Diamond, Cope & Bush, P.C., of Chicago, for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb and James S. Veldman, Assistant State's Attorneys, of counsel), for the People.

JUSTICE JOHNSON delivered the opinion of the court:

After a bench trial in the circuit court of Cook County, defendant, James Moffat, was convicted of eight counts of indecent liberties with a child and 16 counts of official misconduct. He was sentenced to concurrent prison terms of 15 and 5 years, respectively. In *People v. Moffat* (1990), 202 Ill. App. 3d 43, this court affirmed defendant's convictions and sentence except as to two counts of indecent liberties with a child and two counts of official misconduct. Subsequently, the Illinois Supreme Court denied defendant's request for leave to appeal. *People v. Moffat* (1990), 136 Ill. 2d 550.

Defendant filed a petition for post-conviction relief under the Illinois Post-Conviction Hearing Act. (Ill. Rev. Stat. 1989, ch. 38, par. 122—1 *et seq.*) The trial court granted the State's motion to dismiss defendant's petition without an evidentiary hearing. Defendant now appeals the dismissal of his petition, alleging that he was denied the effective assistance of counsel on appeal because his counsel failed to (1) argue that the trial court's *ex parte* communication violated Supreme Court Rule 63(a)(4) (134 Ill. 2d R. 63(a)(4)), and (2) raise any issue concerning the running of the statute of limitations with respect to the bill of particulars.

We affirm.

●1 The facts underlying defendant's convictions are recited in this court's opinion in *People v. Moffat* (1990), 202 Ill. App. 3d 43. Therefore, we need not restate the evidence presented at trial but shall only address the arguments presently before this court. In so doing, we note that defendant's arguments—that the trial court was biased against him and that the *ex parte* communication was innately unfair—are waived and are not properly before this court, given defendant's failure to cite any relevant authority in support thereof. *People v. Cruz* (1990), 196 Ill. App. 3d 1047, 1051-52.

●2 We also recognize that defendant seeks to challenge the sufficiency of the evidence and the credibility of the witnesses by contesting the variance between the proof at trial and the charges against him in both the bill of particulars and the indictment, as well as the circumstances of the administrative hearing conducted by the board of education. However, these issues were considered by this court on defendant's direct appeal and, therefore, are *res judicata.* (*Moffat,* 202 Ill. App. 3d at 53-54; *People v. Free* (1988), 122 Ill. 2d 367, 376.) Likewise, all issues that were raised, or could have been raised, on defendant's direct appeal are *res judicata* and cannot be presented in a post-conviction petition for relief or a denial of the petition. (*People v. Neal* (1990), 142 Ill. 2d 140, 146.) In the present case, no dispute exists that defendant's appellate counsel failed to raise any issue concerning either the alleged violation of Rule 63(a)(4) or the

running of the statute of limitations with respect to certain offenses. However, defendant claims that counsel was ineffective for failing to do so. Thus, he contends that he is entitled to post-conviction relief and that the trial court improperly dismissed his petition.

To be entitled to relief under the Post-Conviction Hearing Act (Ill. Rev. Stat. 1989, ch. 38, par. 122—1 *et seq.*), defendant must show that his constitutional rights were substantially violated (*People v. Eddmonds* (1991), 143 Ill. 2d 501, 510). The trial court determines whether defendant has made the requisite showing, and its decision will not be disturbed on review unless it is manifestly erroneous. (*People v. Del Vecchio* (1989), 129 Ill. 2d 265, 284.) In the present case, the trial court determined that defendant failed to meet his burden of proving a substantial constitutional violation and dismissed the petition. We must consider whether the trial court's determination was manifestly erroneous.

In this appeal, defendant first claims that on direct appeal, counsel was ineffective for failing to raise and properly argue that the trial court's *ex parte* communication violated Rule 63(a)(4), which provides that no judge may engage in *ex parte* communications concerning a pending matter or proceeding. (134 Ill. 2d R. 63(a)(4).) At the hearing on defendant's motion for a new trial, the trial court stated on the record that he had spoken with his son, an assistant State's Attorney, the previous night. Defendant insists that the *ex parte* communication violated Rule 63(a)(4) and that counsel was ineffective for failing to raise this issue on appeal.

To prevail on an ineffective assistance of counsel claim, defendant must show that (1) counsel's performance fell below that required by the sixth amendment, and (2) he was substantially prejudiced by counsel's deficient performance. (*People v. Albanese* (1988), 125 Ill. 2d at 106; see also *Strickland v. Washington* (1984), 466 U.S. 668, 80 L. Ed. 2d 674, 104 S. Ct. 2052.) To establish prejudice, defendant must show that but for counsel's inadequate representation the results of trial would have been different. (*Albanese*, 125 Ill. 2d at 106.) If defendant cannot show he was sufficiently prejudiced, then the court need not determine whether counsel's performance was deficient. *People v. Enoch* (1988), 122 Ill. 2d 176, 201.

●3 Based on our review of the record, we cannot say that the trial court erroneously determined that defendant failed to prove he was prejudiced by counsel's failure to argue the alleged violation of Rule 63(a)(4). No evidence suggests that during the conversation with his son, the trial judge spoke about the merits of defendant's pending post-trial motion. In fact, on defendant's direct appeal, we reasoned that defendant failed to demonstrate he was prejudiced by the *ex*

*parte* communication or that the communication was unfair. *People v. Moffat* (1990), 202 Ill. App. 3d 43, 56.

Moreover, nothing in the evidence suggests that the trial judge was somehow influenced by the *ex parte* communication or his son's presence in the courtroom. (See *Moffat*, 202 Ill. App. 3d at 56-57; see also *People v. Rios* (1986), 145 Ill. App. 3d 571 (wherein the court held that the trial court's ill-advised *ex parte* communication, which played no role in its decision, did not deprive defendant of a fair trial).) Since defendant cannot demonstrate that he suffered any prejudice from the *ex parte* communication, we remain convinced that even had counsel raised the alleged violation of Rule 63(a)(4), the outcome on appeal would not have been different.

•4 Defendant next contends that his counsel was ineffective for failing to argue the running of the statute of limitations regarding the bill of particulars. Defendant claims that the evidence at trial was so far at variance with the charges that some of the conduct of which he was convicted may have occurred outside the three-year statute of limitations period. Since counsel failed to raise this argument on appeal, it is *res judicata* (*People v. Bailey* (1986), 141 Ill. App. 3d 1090, 1100-01), unless we were to agree with defendant that counsel was ineffective for failing to do so. Following our careful review of the record, however, we find defendant's argument to be clearly erroneous.

In *People v. Steele* (1984), 124 Ill. App. 3d 761, we reasoned that it is the indictment, not the bill of particulars, which is the charging instrument. (*Steele*, 124 Ill. App. 3d at 765.) In the case at bar, the indictments were returned on October 7, 1985, and the earliest date of occurrence of any act for which defendant was convicted was October 15, 1982. Hence, all of the criminal acts of which defendant was convicted occurred within the three-year limitations period. We hold that defendant suffered no prejudice by counsel's failure to raise any issue concerning the limitations period and, therefore, his claim of ineffectiveness of counsel must fail. See *People v. Albanese* (1988), 125 Ill. 2d 100.

In sum, we conclude that defendant was in no way prejudiced by counsel's failure to raise on appeal any issue concerning either Rule 63(a)(4) or the limitations period with respect to the bill of particulars. Thus, the trial court's determination that defendant did not make the required showing of a substantial constitutional violation was not manifestly erroneous. Therefore, we hold that the trial court properly dismissed defendant's petition for post-conviction relief.

For the foregoing reasons, the judgment of the trial court is affirmed. As part of our judgment, we grant the State's request that

defendant be assessed $75 as costs and fees for this appeal, pursuant to *People v. Nicholls* (1978), 71 Ill. 2d 166, and *People v. Agnew* (1985), 105 Ill. 2d 275.

Affirmed.

HOFFMAN, P.J., and CAHILL, J., concur.