114 F.3d 1191
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
James G. MOFFAT, Petitioner-Appellant,
v.
Jerry GILMORE, Respondent-Appellee.
 No. 95-4020.
 United States Court of Appeals, Seventh Circuit.
 Argued Sept. 20, 1997.
Decided May 8, 1997.
 
 Before POSNER, Chief Judge, and CUDAHY and DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 James G. Moffat appeals the district court's denial of his petition for habeas corpus under 28 U.S.C. § 2254. We decide in this order petitioner's claims concerning whether the state proved beyond a reasonable doubt that the statute of limitations did not bar prosecution of some of the charges against Moffat. We incorporate by reference the facts, case history, and law set out in the companion opinion issued today.
 
 
 2
 On direct appeal, Moffat did not question the application of the statute of limitations. People v. Moffat, 265 Ill.App.3d 469, 637 N.E.2d 465, 467 (1994) [Moffat II ]; People v. Moffat, 202 Ill.App.3d 43, 560 N.E.2d 352 (1990) [Moffat I ]. In his action for post-conviction relief in the state courts, however, Moffat cast the issue in terms of the ineffectiveness of his appellate counsel. This failure allegedly satisfied the two prongs of Strickland v. Washington, 466 U.S. 668 (1984). An adequate lawyer would have argued the statute of limitations point, Moffat claims, and the Illinois Appellate Court would have reversed his convictions. (The State of Illinois argues that Moffat waived this argument by not making it in the state courts. The State is wrong: Moffat II considered Moffat's Sixth Amendment claim on the merits. Moffat II, 637 N.E.2d at 467.)
 
 
 3
 Moffat argues that the state failed to prove beyond a reasonable doubt that the statute of limitations had not yet run on the acts for which he was convicted. Moffat II and the district court denied this claim and consequently found no prejudice under the Strickland test. Moffat II concluded that Moffat's "indictments were returned on October 7, 1985, and the earliest date of occurrence of any act for which defendant was convicted was October 15, 1982. Hence all of the criminal acts of which defendant was convicted occurred within the 3-year limitations period." Id. at 468. The appellate court went so far as to term Moffat's argument "clearly erroneous." Id. The district court reiterated this judgment. Moffat v. Gilmore, 1995 WL 699624 (N.D.Ill.).
 
 
 4
 The district court rightly conceived of Moffat's claim as a challenge to the sufficiency of the evidence. Before the 1996 amendments to § 2254, we reviewed the evidence properly presented in the trial court to see "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). The amended statute empowers us to grant the writ only if the state adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." § 2254(d)(2). Factual determinations by the state courts are to be presumed correct. And a petitioner like Moffat can only rebut this presumption "by clear and convincing evidence." § 2254(e)(1).
 
 
 5
 Under either standard, Moffat has no case. Moffat would call into question the credibility of testimony by Willie Lewis and Darryl Gibson. But the credibility of witnesses is not something that federal courts typically examine in a claim for sufficiency of the evidence. Schlup v. Delo, 115 S.Ct. 851, 868 (1995). With regard to Lewis, Moffat was convicted for a sex act occurring on or about November 5, 1982--not for the alleged act on October 14, 1982. With regard to Darryl Gibson, Moffat was charged with sex acts on or about October 15, 1982, November 15, 1982, and December 22, 1982. Only one date was near the statute of limitations cut-off: October 15, 1982. Gibson had testified to sex acts with Moffat more than once a week throughout October and even more often in November. Moffat only criticizes the dates in their testimony as hazy, not plain wrong. Moffat's assertions (themselves quite vague) offer no reason to gainsay that a rational jury could have found that these acts occurred before the statute of limitations cutoff. And Moffat has not offered "clear and convincing evidence" to rebut the presumption that the Illinois courts' adjudication of facts was correct.
 
 
 6
 Moffat did not suffer from ineffective assistance of counsel on direct appeal concerning his statute of limitations claim. The judgment of the district court is
 
 
 7
 AFFIRMED.